■ ADELINE FALCARO, Appellant, v. TEENETTA, INC., Respondent.— Order, entered on April 2, 1963, dismissing the complaint with leave to replead unanimously affirmed, without costs, on constraint of *Kennedy* v. *Press Pub. Co.* (41 Hun 422) and *Stillman* v. *Paramount Pictures Corp.* (5 N Y 2d 994). Concur — Breitel, J. P., Rabin, McNally, Eager and Bergan, JJ.

■ A. PERLMAN IRON WORKS, INC., Plaintiff, v. GEORGE F. DRISCOLL COMPANY, Defendant and Third-Party Plaintiff-Appellant. ALSTORES REALTY CORPORATION, Third-Party Defendant-Respondent.— Order, entered on June 14, 1963, unanimously reversed on the law, with $20 costs and disbursements to appellant, and the motion denied. Our decision in *Corbetta Constr. Co.* v. *Driscoll Co.* (17 A D 2d 176) is not determinative of the issue here presented. In that case the third-party plaintiff sought common-law indemnification from the third-party defendant in the event plaintiff recovered in its action charging Driscoll with tortious interference with its work schedule rather than breach of contract, and the arbitration clause embraced such torts. In the present third-party action Driscoll seeks contractual indemnification from the owner in the event plaintiff recovers in its action for labor and materials furnished. While a breach of a contract might be found to be a wrongful act within the meaning of article 30 of the contract we construe that article when read in its entirety as being here inapplicable (cf. *Matter of Chiappinelli-Marx* [*B & L Constr. Corp.*], 32 Misc 2d 621, 623). The contract provision (art. 47) providing for arbitration is limited to "disputes, claims or questions subject to arbitration under (the) contract" as distinguished from an unlimited clause providing for arbitration of any and all disputes arising under the contract. (Cf. 6 Williston, Contracts [rev. ed.], § 1924, p. 5383.) We find no other provision in the contract that makes the present dispute arbitrable. The issue presented herein was not decided in the *Corbetta* case (*supra*) and the doctrine of collateral estoppel is inapplicable. (*City Bank Farmers Trust Co.* v. *Macfadden,* 13 A D 2d 395, 400, affd. 12 N Y 2d 1035.) Concur — Breitel, J. P., Rabin, Eager, Steuer and Bastow, JJ.

■ LOUIS GLICK, Respondent, v. EXCESS INSURANCE COMPANY LIMITED et al., Appellants.— Judgment affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Eager and Bastow, JJ.; Stevens, J., dissents and votes to reverse and dismiss the complaint.